*Holcomb & Miller,* and *Pugh & Pugh,* for plaintiff in error.

*G. M. Osborne,* for defendant in error.

### A CHICKEN COOP NOT A "BUILDING."

[Circuit Court of Pickaway County.]

EDWARD BAILEY v. STATE OF OHIO.

Decided, November, 1902.

*Criminal Law—Definition of "Building"—As Used in the Burglary Statute—Movable Chicken Coop not a "Building."*

The word "building" as used in Section 6835, Revised Statutes, defining the crime of burglary, has reference to a structure of some permanence, and the entering of a movable chicken coop, thirty-eight inches square, with intent to steal, does not constitute the crime of burglary.

CHERRINGTON, J.; SIBLEY, J., and JONES, J., concur.

Error to Pickaway Common Pleas Court.

This is a proceeding in error. Bailey was tried on the charge of burglary and found guilty, and the case is now here to reverse the judgment of the common pleas court in entering up sentence and judgment on the verdict of guilty rendered by the jury.

The burglary with which he was charged was in burglariously entering a building, viz., a chicken house, the property of one Jefferson Blacker, in this county, and taking therefrom seven chickens of the value of two dollars.

The evidence is all in the bill of exceptions, together with the charge of the court, and the plaintiff claims there was error in the trial of the case in two particulars:

First, that the verdict was against the weight of the evidence, in this, to-wit, that the evidence did not show that the house he is charged with entering was such a one as is contemplated by

*Affirmed by the Supreme Court without report, 69 Ohio State, 551.

Section 6835, Revised Statutes, which defines the crime of burglary; and, second, that the court erred in its charge to the jury in that particular as to the house, assuming that if they should find the house to be of certain dimensions as described by witnesses beyond a reasonable doubt, that they should find the defendant guilty, because that was such a building as came within the purview of the section I have referred to.

So if the first assignment of error is correct, that the verdict is against the weight of the evidence, the charge of the court in that particular was wrong. If, however, the evidence shows that this building, as it was called, was such a one as is included in Section 6835, Revised Statutes, then the charge of the court was correct.

Prior to 1885 Section 6835, Revised Statutes, was as follows:

"Whoever, in the night season, maliciously and forcibly breaks and enters any dwelling house, kitchen, smokehouse, shop, office, storehouse, warehouse, malthouse, stillhouse, mill, pottery, factory, watercraft, schoolhouse, church or meeting house, barn or stable, or railroad car, car factory, or station house," should be guilty of the crime of burglary.

But in 1885 it was amended so as to include, "or any other building."

Now of course it will be readily seen that this chicken house is not specifically named in this statute; but the claim of the state is that it comes under "or any other building"—that it is a building, and specifically comes within the purview of that statute.

The testimony is brief as to the kind of a house it is, as stated by the witness who made the measurements:

"The width of the coop in front is 37¾ inches. Sides 38 inches. Three feet high in front and the back is 2 feet high. The door is two feet high, and 13¾ inches wide. The piece of lath which fastens the door 2 feet and 6 inches. The length of the roof is 5 feet and 6 inches. The width of the roof 4 feet and 2 inches.

"Q. Do you know the length of the building? A. I measured it; it ought to be on there. It is almost square, the sides are 38 inches by 37¾ inches."

The following questions were asked of the owner of the property:

"Q. These chicken coops are usually called brooders? A. No, sir; I had them to put the hen and chickens in after they were hatched, to rear the young chickens, that is what I had them built for.

"Q. You would very likely take them with you if you moved from that place? A. I think I would. They are very nice, and if I should move some place else I would certainly move my coops if I intended to follow chicken raising.

"Q. They are not attached to anything? A. They are built right on the ground. They are so they can set on the ground, but are not built flat on the ground, they have a two by four under them and set up on bricks, on account of the rats."

On page 16 of the bill of exceptions is a further description:

"Q. It was a coop that could be moved from one place to another? A. Yes, sir; but one man could not move it, it is very heavy."

Now is that a building? The indictment describes it as a certain building, viz., a chicken house. Now it is true, as claimed by the state that the phrase "or any other building" was intended by the legislators to cover almost every building that could be imagined; but is this a building? A small chicken coop, larger somewhat than a martin box, and which the prosecuting attorney and Mr. Weldon, counsel for defendant, could have carried, if they stuck a pole through the top, all over town without any serious inconvenience to themselves; it could be put on an ox cart and carried away, and it would still be a building I suppose according to the claim of the prosecuting attorney; it could be stuck on a stiff pole, as we have frequently seen martin boxes, and it would still be a building according to that notion.

Such a building as is contemplated by the statute we think means a building that has some permanency of structure. It need not be absolutely permanent, it need not be such a structure as that the removal of it, or in detaching it from the real estate it would damage the real estate at all, but it must have some permanency about it, such we think as this does not have, and we feel quite well satisfied that it does not come within the purview

of Section 6835, Revised Statutes, so that we think the two assignments of error are well taken, and the judgment will be reversed.

*Chris. A. Weldon*, for plaintiff in error.

*Irvin F. Snyder*, for defendant in error.